# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID A. WILLIAMS,

        Petitioner,    :    Case No. 3:17-cv-132

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Corrections Reception,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner David Williams is serving an agreed term of imprisonment of five years on his guilty pleas in Montgomery County Common Pleas Case No. 2014-CR-2762 to charges of kidnapping and felonious assault.

Throughout his Petition Mr. Williams makes repeated claims that he is being imprisoned for kidnapping and assaulting a child victim under the age of thirteen. See, e.g., ECF No. 1, PageID 1, 2, 3 (twice), 5 (three times), 7, 10. He asserts that there is no such victim and that the victim, one Brittney Stafford, was born April 18, 1983.

Mr. Williams is mistaken about his offenses of conviction. As is shown in the decision of

1

the Second District Court of Appeals on direct appeal, Mr. Williams was indicted under Ohio Revised Code § 2905.01(B) for kidnapping. *State v. Williams,* Case No. CA 26635, 2016-Ohio-5655, 2016 Ohio App. LEXIS 3528 (2nd Dist. Sept. 2, 2016). That statute prohibits the removal of any person (1) by force, threat or deception or (2) by any means if the person is under thirteen or mentally incompetent. In reviewing the sentencing transcript, the court of appeals noted that the sentencing judge found that Mr. Williams had admitted the necessary facts for conviction, to wit, that he had taken the victim out of the house and into a truck and that she jumped from the truck trying to get away from him. *Id.* at ¶ 16. The court of appeals found that Mr. Williams' admissions, which say nothing about a victim under thirteen or a mentally incompetent victim, were sufficient for conviction. *Id.* at ¶¶ 23-25. Of course if the charge had been about a mentally incompetent or under age victim, admission of that fact would have been necessary for conviction.

**Conclusion**

The fundamental premise of the Petition – that Mr. Williams is being imprisoned for kidnapping a person under thirteen – is wrong. Because of that his Petition does not state a claim upon which relief can be granted in federal habeas corpus. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

April 19, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).